**Maria SOKOLOWSKI, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 82 C 2306.**

United States District Court, N.D. Illinois, E.D.

Nov. 23, 1982.

Robert E. Lehrer, John B. Judkins, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by William T. Clabault, Asst. U.S. Atty., Chicago, Ill., Donna Morros Weinstein, Dept. of Health & Human Services, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Secretary of Health and Human Services (the "Secretary") denying plaintiff, Maria Sokolowski, widow's insurance disability benefits under Section 202(e) of the Social Security Act (the "Act"). 42 U.S.C. § 402(e). Since this Court finds that the Secretary's conclusion that Mrs. Sokolowski is not a "widow" as defined by Section 216(c) of the Act, 42 U.S.C. § 416(c), was based on an improper interpretation of the law, the Secretary's decision is reversed. The case is remanded for a hearing on Mrs. Sokolowski's disability, the next stage in determining her entitlement to benefits. *See* 42 U.S.C. § 402(e); 42 U.S.C. § 423.

No material facts are in dispute. Maria Sokolowski, and Longin Sokolowski were husband and wife. (R. 50). Mrs. Sokolowski first met her husband in 1976, three years before they were married. (R. 40). During the several years prior to their marriage, the two spent five or six hours together on a daily basis. (R. 40). Mrs. Sokolowski helped to take care of her future

husband's domestic needs. She cooked, cleaned and did shopping for him. (R. 40). Eventually they decided to marry. Initially, the marriage was to take place in December of 1978. (R. 41). However, Mr. Sokolowski was ill at the time and, because of his medical condition, the marriage was postponed until he was in better health. (R. 42). In July of 1979, Mr. Sokolowski's condition had improved and they were married on the morning of July 17, 1979. (R. 69). It was Mr. Sokolowski's first marriage. (R. 51). Mr. Sokolowski died of heart failure on the afternoon of April 16, 1980. (R. 70).

Plaintiff filed for widow's insurance disability benefits on May 9, 1980, based on the earnings of her deceased husband. (R. 50). Mrs. Sokolowski's application was denied initially and upon reconsideration. (R. 61). A hearing was held on this matter on May 5, 1981, and on August 27, 1981 the ALJ ruled that plaintiff was not a "widow" and therefore not entitled to widow's insurance disability benefits. (R. 20). A timely Request for Review was filed with the Appeals Council. (R. 18). In a decision dated February 9, 1982, the Appeals Council affirmed in all respects the findings of the ALJ, letting the ALJ decision stand as the final decision of the Secretary.

The decision of the ALJ and the Appeals Council ruling upholding that decision were based on the belief that the plaintiff's marriage to Longin Sokolowski was not of sufficient length to satisfy the nine month duration of relationship requirement of Section 216(c)(5) of the Act. 42 U.S.C. § 416(c). That statutory section provides that:

(c) The term "widow" . . . means the surviving wife of an individual, but only if . . . (5) she was married to him for a period of not less than nine months immediately prior to the day on which he died. . . .

In calculating the length of the Sokolowskis' marriage, both the ALJ and the Appeals Council felt that Congress' use of the words "prior to the day of" death (as opposed to "prior to the death") prohibited them from counting the day Mr. Sokolowski died in delineating the statute's nine-month requirement. (R. 3 and 36). Thus, the Appeals Council concluded that "the marriage would have had to have occurred no later than July 16, 1979 to meet the nine month duration test." (R. 3). This Court believes that the Appeals Council conclusion was in error, because the computation of the nine-month period must include the day of the wage-earner's death. Therefore, the duration of relationship requirement is satisfied, and plaintiff qualifies as a "widow" under 42 U.S.C. § 416(c)(5).

As the above discussion indicates, the issue presented to this Court is a narrow one: whether or not the statute's nine-month period includes the day Mr. Sokolowski died. As with any case of statutory interpretation, the Court's analysis must begin with the language of the statute itself. *Touche Ross & Company v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979).

As has already been stated, Section 216(c)(5) states that the marriage must have been in existence for "nine months immediately prior to the day on which he [the wage earner] died." It is a general rule of statutory construction that Congress is assumed to use words in their ordinary and common sense way. *Shea v. Vialpando*, 416 U.S. 251, 260, 94 S.Ct. 1746, 1753, 40 L.Ed.2d 120 (1974). This Court believes that such a reading of the statute must recognize that the language "immediately prior to the day on which he died" is the usual way to denote the time immediately preceding death. It is certainly quite uncommon to define this period by reference to the exact moment or hour of death. Rather, much more typical is the language used by Congress. The import of this analysis is that the nine-month limit may be satisfied by counting any and all time before death of the wage earner.

Additionally, it must be noted that an interpretation of the quoted language which would exclude the day of the insured's death would essentially create a nine month and one day requirement. This

seems inconsistent with Congress' intent, discussed in the legislative history, to impose a durational requirement of "nine months." H.R.Rep. No. 544, 90th Cong. 1st Sess., 56 (1967). The legislative history, quoted extensively in the plaintiff's brief and in note 1, *supra.*, also indicates that the clear purpose of the nine-month requirement was to measure the duration of the couple's marital relationship.[1] As plaintiff points out, in light of congress' apparent intent to look to the entire time span of the marriage relationship, it would be incongruous to compute that relationship's duration to exclude any day on which the marriage had in fact existed. It is this Court's belief that the marriage's duration clearly includes both the day of the marriage and the day on which one of the parties to that marriage died.

The interpretation suggested by the language of the statute and its legislative history finds additional support in the Secretary's regulations. As both parties have noted, "[i]n August, 1980, the Secretary promulgated revised regulations [under Section 216(c)(5) of the Act] to make them easier to read and understand..." *Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 527, n. 1 (6th Cir.1981). One of the regulations which resulted from this revision is 20 C.F.R. § 404.335 which sets out the Secretary's definition of when a surviving spouse will be determined to be a "widow" under the statute. The regulation states:

> You may be entitled to benefits as the widow or widower of a person who was fully insured when he or she died. You

are entitled to these benefits if: (a) you are the insured's widow or widower based upon a relationship described in § 404.-345–404.346, and one of the following conditions is met: (1) Your relationship to the insured as a wife or husband lasted for at least 9 months <u>immediately before the insured died</u>... (emphasis added)

The underlined language indicates that the Secretary has interpreted Section 216(c)(5) to mean that the nine month duration requirement may be satisfied up to *and including* the day of the wage earner's death. "[T]he interpretation of a statute by an agency charged with its enforcement is a substantial factor to be considered in construing the statute." *Miller v. Youakim,* 440 U.S. 125, 144, 99 S.Ct. 957, 968, 59 L.Ed.2d 194 (1979), *quoting Youakim v. Miller,* 425 U.S. 231, 235–236, 96 S.Ct. 1399, 1402, 47 L.Ed.2d 701 (1976) *citing New York Department of Social Services v. Dublino,* 413 U.S. 405, 421, 93 S.Ct. 2507, 2516–2517, 37 L.Ed.2d 688 (1973); *Columbia Broadcasting System, Inc. v. Democratic National Committee,* 412 U.S. 94, 121, 93 S.Ct. 2080, 2095–2096, 36 L.Ed.2d 772 (1973); *Investment Co. Institute v. Camp,* 401 U.S. 617, 626–627, 91 S.Ct. 1091, 1097, 28 L.Ed.2d 367 (1971). This is especially so, when the interpretation is a matter of "public record." *Udall v. Tallman,* 380 U.S. 1, 17–18, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965).

For the foregoing reasons, this Court believes that the decisions of the ALJ and the Appeals Council were contrary to law and must be reversed. Therefore, the case is remanded for further proceedings consistent with this order.

IT IS SO ORDERED.

---

1. To the extent that a review of the legislative history sheds light on Congress' intended construction of a statutory provision, such an inquiry is not only relevant, but necessary. *United States v. Zacks,* 375 U.S. 59, 62, 84 S.Ct. 178, 179–180, 11 L.Ed.2d 128 (1963).

Congress amended Section 216(c)(5) in 1967 to reduce the durational requirement from one year to nine months. The House Report that accompanied the proposed amendment states: "Your committee's bill would reduce the *duration-of-relationship* requirements for widows, widowers, and stepchildren of deceased workers from 1 year to 9 months. The present law contains a 1-year *duration-of-re-* lationship requirement which was adopted as a safeguard against the payment of benefits where a relationship was entered into in order to secure benefit rights. While the present requirements have generally worked out satisfactorily, situations have been called to the committee's attention in which benefits were not payable because *the required relationship had existed* for somewhat less than 1 year. Although some *duration-of-relationship* requirement is appropriate, a less stringent requirement would be adequate." H.R.Rep. No. 544, 90th Cong. 1st Sess., 56 (1967). (Emphasis added.)