[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-10851

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2002
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-02122-CV-T-25

FRANCES J. LEWIS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner
of Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 19, 2002)**

Before BLACK and HULL, Circuit Judges, and HANCOCK[*], District Judge.

PER CURIAM:

_____

[*]Honorable James H. Hancock, U.S. District Judge for the Northern District
of Alabama, sitting by designation.

Appellant Frances Lewis filed a claim for widow's insurance benefits under the Social Security Act, 42 U.S.C. § 402(e) (the "Act"). The Act affords benefits to the widow of a fully insured individual if the widow is not remarried, is between 50 and 60 years of age, and is disabled. Appellee Commissioner of Social Security ("Commissioner") denied the claim because Appellant's marriage to her deceased husband fell one day short of the nine-month period required by the Act. Arguing Appellee wrongfully excluded the day of her husband's death in the computation of the nine-month duration requirement, Appellant sought judicial review of the administrative decision in district court. Following a report and recommendation by the magistrate judge, the district court held the Act's clear statutory language required the Commissioner to exclude the day of the decedent's death in computing the marriage duration requirement. The court entered judgment for Appellee. We affirm.

## I. BACKGROUND

Appellant married her husband, Arthur E. Lewis, on March 4, 1995. Her husband died on December 3, 1995. On April 17, 1996, Appellant applied for widow's insurance benefits, claiming she was disabled as of October 20, 1994. The Social Security Administration denied the claim because Appellant was "one day short of meeting the 9-month 'duration of marriage' requirement" under the

Act. Following Appellant's request for reconsideration, the Administration affirmed the denial of benefits, explaining its "current policy . . . is that a claimant for widow's benefits must have been married to the worker for not less than 9 months immediately prior to the day in which the worker died" and "that the day of death is not included in the 9 month period." Appellant proceeded to a *de novo* hearing before an Administrative Law Judge ("ALJ"), who considered testimony from Appellant and arguments of counsel.[1] On July 13, 1998, the ALJ agreed with the Administration's position and found "[t]he nine month durational requirement for establishment of status as a 'widow' under the Social Security Act includes only those dates between the claimant's date of marriage and the date preceding the day of her husband's death, inclusive." Shortly thereafter, when the Administration's Appeals Council denied Appellant's request for review, the ALJ's adjudication became the Commissioner's final decision with respect to Appellant's application for benefits.

On September 17, 1999, Appellant commenced this action in district court seeking judicial review of Appellee's administrative decision pursuant to 42 U.S.C. § 405(g). In accordance with a standing order of reference, the magistrate judge

---

[1]As with her federal court proceedings, Appellant was represented by counsel throughout the administrative process.

considered the matter and, on March 16, 2000, prepared a report and recommendation pursuant to 28 U.S.C. § 636, recommending Appellee's decision be affirmed. On January 8, 2001, after considering objections from Appellant, the district court adopted the magistrate's report and recommendation and affirmed Appellee's decision. This appeal followed.

## II. STANDARD OF REVIEW

On review of a decision by the Social Security Administration, we consider the Commissioner's factual findings conclusive if supported by substantial evidence. *See Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). With respect to the Commissioner's legal conclusions, however, our review is *de novo*. *See Crawford & Co. v. Apfel*, 235 F.3d 1298, 1302 (11th Cir. 2000), *cert. denied sub nom.*, *Fleetwood Homes v. Massanari*, 122 S. Ct. 39 (2001); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

## III. DISCUSSION

The sole issue before the Court is whether an applicant for widow's insurance benefits under the Social Security Act may count the day of the decedent's death to meet the nine-month duration-of-marriage requirement set

forth in 42 U.S.C. § 416(c)(5).  This is an issue of first impression in this Circuit,

and apparently all others, concerning the correct interpretation of the statute.

As with any question of statutory interpretation, we begin by examining the

text of the statute to determine whether its meaning is clear.  "In construing a statute

we must begin, and often should end as well, with the language of the statute itself."

*Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997).  The Act

provides for payment of insurance benefits to the widow of a fully insured

individual, provided the widow has not remarried, is between 50 and 60 years old,

and is disabled.  42 U.S.C. § 402(e).  The sole statutory criterion pertinent in this

appeal is the requirement that the widow have been "married to [the deceased

husband] for a period of *not less than nine months immediately prior to the day in

which he died*." § 416(c)(5) (emphasis added).[2]

---

[2]The precise statutory text defining the term "widow" reads as follows:

(c) Widow

The term "widow" (except when used in the first sentence of section
402(i) of this title) means the surviving wife of an individual, but only
if (1) she is the mother of his son or daughter, (2) she legally adopted
his son or daughter while she was married to him and while such son
or daughter was under the age of eighteen, (3) he legally adopted her
son or daughter while she was married to him and while such son or
daughter was under the age of eighteen, (4) she was married to him at
the time both of them legally adopted a child under the age of
eighteen, (5) *she was married to him for a period of not less than nine*

The statutory language of § 416(c)(5) plainly instructs the Commissioner to exclude the day of death in determining whether an applicant satisfies the nine-month durational requirement. The statute's plain and ordinary terms require the nine-month period be completed *prior to* the day of death; accordingly, the day of the decedent's death must be excluded in the computation.[3] In the face of such legislative clarity, we are bound by the express terms of the statute. Absent statutory ambiguity, "'judicial inquiry is complete,'" and we "need look no further." *Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292, 1302 (11th Cir. 2001)

---

> *months immediately prior to the day on which he died,* or (6) in the month prior to the month of her marriage to him (A) she was entitled to, or on application therefor and attainment of age 62 in such prior month would have been entitled to, benefits under subsection (b), (e), or (h) of section 402 of this title, (B) she had attained age eighteen and was entitled to, or on application therefor would have been entitled to, benefits under subsection (d) of such section (subject, however, to section 402(s) of this title), or (C) she was entitled to, or upon application therefor and attainment of the required age (if any) would have been entitled to, a widow's, child's (after attainment of age 18), or parent's insurance annuity under section 231a of Title 45.

42 U.S.C. § 416(c) (emphasis added).

[3]The computational method prescribed by § 416(c)(5) is certainly not extraordinary in our jurisprudence. Rule 6(a), F.R. Civ. P., for instance, similarly requires the exclusion of one day (albeit the first, not the last, day) in calculating the duration of a statutory period. *Id.* ("In computing any period of time prescribed by . . . any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

(quoting *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001)).  This Court has often recognized that "'[w]here the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.'"  *Adams v. Fla. Power Corp.*, 255 F.3d 1322, 1324 (11th Cir. 2001) (quoting *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc)), *cert. granted*, 122 S. Ct. 643 (2001).

In addition to the virtue of clarity, the foregoing interpretation also gives force and effect to the words in the statute, "for a period of not less than nine months immediately *prior to the day on which he died*."  § 416(c)(5) (emphasis added).  A construction of the statute that permits consideration of the day of death would render the latter terms meaningless.  "[I]t is an elementary principle of statutory construction that, in construing a statute, we must give meaning to *all* the words in the statute."  *Legal Envtl. Assistance Found., Inc. v. EPA*, 276 F.3d 1253, 1258 (11th Cir. 2001) (emphasis added) (citing *Bailey v. United States,* 516 U.S. 137, 146, 116 S. Ct. 501, 507 (1995) (noting each word in a statute is intended to have "particular, nonsuperfluous meaning")).  In this case, in order to afford significance to every term in § 416(c)(5), the statute must be read to prescribe a minimum length of marriage that does not include the day of the decedent's death.

Of course, "[w]hen the import of the words Congress has used is clear, as it is here, we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language." *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc) (citing *United States v. Gonzales*, 520 U.S. 1, 117 S. Ct. 1032 (1997)), *cert. denied*, 532 U.S. 1065, 121 S. Ct. 2214 (2001). As we stated in *United States v. Weaver*, 275 F.3d 1320, 1331 (11th Cir. 2001), "[i]n our circuit, there is only 'one recognized exception to the plain meaning rule—absurdity of results.'" *Id.* (quoting *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1227 (11th Cir. 2001). No reason exists in this case to look beyond the plain terms of the statute. Nevertheless, "[n]otwithstanding th[e] well-recognized and bedrock principle [of the plain meaning rule], sometimes judges who find that legislative history supports and complements the plain meaning of statutory language cannot resist the temptation to set out that history." *Harris*, 216 F.3d at 977. In this case, the legislative history provided by the parties and reviewed by the Court speaks in terms of the purpose behind the nine-month requirement, which is to preclude the grant of benefits in "sham" marriages. *See* H.R. Rep. No. 90-544 (1967); *Weinberger v. Salfi*, 422 U.S. 749, 777-84, 95 S. Ct. 2457, 2468-76 (1975) (upholding constitutionality of statute); *see also Sokolowski v. Schweiker*, 551 F. Supp. 134, 136 n.1 (N.D. Ill. 1982). That history, however,

8

offers nothing about whether the day of the decedent's death should be counted or how the nine-month requirement should otherwise be computed. *See Sokolowski*, 551 F. Supp. at 136 n.1.[4] Accordingly, given statutory language which is plainly more specific and informative than its history, the terms of the statute can hardly be said to contradict its legislative intent.

---

[4]In 1967, Congress reduced the durational requirement in Section 416(c)(5) from one year to nine months. *Id.* As exemplified by the following passage of the House Report accompanying the proposed amendment, however, the legislative history sheds no light on whether the day of the decedent's death ought to be counted in measuring the nine-month period:

> Your committee's bill would reduce the duration-of-relationship requirements for widows, widowers, and stepchildren of deceased workers from 1 year to 9 months. The present law contains a 1-year duration-of- relationship requirement which was adopted as a safeguard against the payment of benefits where a relationship was entered into in order to secure benefit rights. While the present requirements have generally worked out satisfactorily, situations have been called to the committee's attention in which benefits were not payable because the required relationship had existed for somewhat less than 1 year. Although some duration-of-relationship requirement is appropriate, a less stringent requirement would be adequate.

*Id.* (quoting H.R. Rep. No. 90-544 (1967)) (emphasis removed). Perhaps the dearth of extraneous legislative material on the subject results from the self-explanatory and specific terms of the statute. In any event, we cannot modify a clear congressional mandate for the sake of apparent or perceived legislative intent. "Those who ask courts to give effect to perceived legislative intent by interpreting statutory language contrary to its plain and unambiguous meaning are in effect asking courts to alter that language, and '[c]ourts have no authority to alter statutory language . . . .'" *CBS Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1228 (11th Cir. 2001).

Finally, we are unpersuaded by Appellant's argument that the Commissioner's regulations require a different reading of the statute. In implementing the mandates of the Act, the Social Security Agency promulgated 20 C.F.R. § 404.335, which, in relevant part, states the following:

> You may be entitled to benefits as the widow or widower of a person who was fully insured when he or she died. You are entitled to these benefits if--
>
> > (a) You are the insured's widow or widower based upon a relationship described in §§ 404.345 through 404.346, and one of the following conditions is met:
> >
> > > (1) *Your relationship to the insured as a wife or husband lasted for at least 9 months immediately before the insured died*.

20 C.F.R. § 404.335 (emphasis added). Because the words "prior to the day" do not appear in the regulation, as they do in the statute, Appellant claims the day of the decedent's death ought to be counted. This argument lacks merit. Initially, we note the regulatory language is not inconsistent with the statutory language. The regulation simply identifies the nine-month durational requirement; it does not purport to prescribe specifically how that requirement is to be computed.

Nevertheless, even if the regulation was inconsistent, the more specific and authoritative words in the statute govern. In *Smith v. BellSouth Telecomms. Inc*, 273 F.3d 1303 (11th Cir. 2001), we stated:

> The two-step process set out in *Chevron U.S.A., Inc. v. N.R.D.C.*, 467 U.S. 837, 842-45, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984),

10

guides us in determining whether to afford deference to an agency regulation interpreting a statute the agency is charged with administering. First, we ask "whether Congress has directly spoken to the precise question at issue." *Id.* at 842, 104 S. Ct. 2778. If the will of Congress is clear from the statute itself, our inquiry ends–"the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43, 104 S. Ct. 2778. "[I]f the statute is silent or ambiguous," however, we next ask whether the agency's construction of the statute is reasonable. *Id.* at 843-44, 104 S. Ct. 2778.

*Smith*, 273 F.3d at 1307. As discussed *infra*, the language in § 416(c)(5) clearly and unambiguously requires the Commissioner not to count the day of death in determining whether an applicant satisfies the nine-month requirement of the Act. In light of this legislative clarity, "'the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" *Id.*

IV. CONCLUSION

Title 42 U.S.C. § 416(c)(5) requires the Commissioner to exclude the day of the decedent's death in determining whether an applicant widow satisfies the nine-month duration-of-marriage requirement for receiving benefits under the Social Security Act. Because Appellant failed to satisfy the requirement by only one day, the application of statute in this case may seem particularly harsh. On this point, however, we echo the perspective expressed by the presiding magistrate judge in this case:

11

[Appellant's] circumstance is, of course, unfortunate. That fact, however, does not justify a contrived interpretation of the statutory provision at issue. No matter where the line is placed in computing the nine-month period, there will always be some cases (among the millions) that will fall one day short. Accordingly, the line should be left where Congress placed it, which means that the day of death should be excluded.

Accordingly, the district court correctly affirmed the Commissioner's denial of benefits.

AFFIRMED.