[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15313
Non-Argument Calendar

_____

D. C. Docket No. 05-00355-CV-B-S

JAMES E. ROBINSON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 11, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

James E. Robinson ("Robinson") appeals the district court's order affirming

the denial of his application for disability insurance benefits ("DIB") by the Commissioner of Social Security ("the Commissioner"). 42 U.S.C. § 405(g). He raises only one issue on appeal, namely, that the administrative law judge ("ALJ") did not fully and fairly develop the record.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citation omitted). Even if the evidence preponderates against the Commissioner's findings, the decision reached must be affirmed if it is supported by substantial evidence. *Crawford v. Comm'r*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam). In conducting this review, we do not reweigh the evidence or substitute our judgment for that of the Commissioner. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Commissioner's legal conclusions, however, are reviewed *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam).

The Commissioner asserts, and we agree, that Robinson has waived the argument that the record was not fully and fairly developed because he did not present it before the district court . "As a general principle, this court will not address an argument that has not been raised in the district court." *Stewart v. Dep't of Health and Human Servs.*, 26 F.3d 115, 115 (11th Cir. 1994) (affirming denial of claimant's application for disability and supplemental security income). "Although this court may hear an issue not raised in the lower court when the proper resolution is beyond any doubt, issues involving the resolution of factual questions can never be beyond doubt." *Id.* at 115-16.

Even assuming *arguendo* that waiver did not occur, we find that the ALJ did not fail to fully and fairly develop the record. Robinson argues that the ALJ erroneously instructed him to acquire missing medical records within 15 days of the administrative hearing. He claims that the ALJ should have requested the records himself, and without these missing records: (1) the ALJ's decision could not have been based on substantial evidence; (2) he did not receive a full and fair hearing; and (3) was prejudiced to such an extent that reversal or remand is necessary.

"A hearing before an ALJ is not an adversarial proceeding" and, whether or not the applicant is represented, "the ALJ has a basic obligation to develop a full

and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam). The ALJ has a special duty to ensure the record demonstrates that an *unrepresented* claimant who did not waive counsel was not prejudiced by the lack of counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam). By implication, where counsel has been waived, the special duty to develop the record does not take effect. *See id.*

The ALJ is required to develop the claimant's complete medical history for at least the 12 months preceding the month in which the application was filed, and to make every reasonable effort to help a claimant get medical reports from the claimant's own medical sources when permission is given. *See* 20 C.F.R. § 416.912(d). Medical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1512(e), 416.912(e). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

Although he was unrepresented at the hearing, because Robinson waived counsel, the ALJ did not have a special duty to develop the record. *See Brown*, 44 F.3d at 934. In *Brown*, where the unrepresented applicant had not waived counsel,

4

the record did not contain several pertinent pieces of information and the ALJ stated that he would request the missing records, but failed to do so. *Id.* at 933-35, We reversed and remanded holding that the claimant did not receive a full and fair hearing because of evidentiary gaps that resulted in prejudice. *Id.* at 935-36.

Unlike *Brown*, in this case the ALJ never stated that he would acquire the missing records that allegedly existed. Although the ALJ's decision was rendered less than sixty days after the hearing, the date of decision could have been postponed if Robinson had informed the ALJ that he needed more time to acquire medical records. Notwithstanding the ALJ's duty to develop Robinson's medical history for at least the 12 months preceding the month in which his application was filed, Robinson bore the ultimate burden of producing evidence in support of his claim. *Ellison*, 355 F.3d at 1276. While Robinson has produced medical records dating from after the hearing, he still has not produced records from the relevant time period.[1]

Upon careful review of the administrative proceedings, the medical record, the proceedings in the district court, and upon consideration of the parties' briefs, we find no error. Although Robinson waived the issue by not raising it in the district court, the ALJ did not fail to fully and fairly develop the record.

**AFFIRMED.**

---

[1]Robinson's last insured date is June 30, 2001. Thus, evidence of disability after that date is not pertinent to his current application for DIB. *See* 42 U.S.C. § 423.