[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2007
THOMAS K. KAHN
CLERK

No. 07-11927
Non-Argument Calendar

_____

D. C. Docket No. 06-00117-CV-CAR-5

WILLIAM ROTH,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 26, 2007)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

William Roth appeals the district court's order affirming the

Commissioner's denial of his application for disability insurance benefits and supplemental security income, 42 U.S.C. §§ 405(g), 1383(c)(3). Roth argues that substantial evidence does not support the Administrative Law Judge's (ALJ) determination that no evidentiary weight should be given to an opinion by a treating physician, Dr. Kazi, regarding Roth's physical limitations.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (internal citation and quotation omitted). In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). However, we review the Commissioner's legal conclusions *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in

2

the record, the ALJ must give it controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is not entitled to controlling weight, we have held that "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford*, 363 F.3d at 1159 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Further, we have found good cause and discounted a treating physician's report when the report "is not accompanied by objective medical evidence or is wholly conclusory.'" *Id.* (quoting *Edwards v. Sullivan*, 938 F.2d 580, 583-84 (11th Cir. 1991)). Additionally, there is good cause where the treating physician's opinions are inconsistent with their own medical records. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

After reviewing the record, we conclude that substantial evidence supports the ALJ's determination that Dr. Kazi's opinion was not and should not be assigned substantial weight because it was inconsistent with the record as a whole and not supported by the doctor's own medical records. Accordingly, we affirm the district court's order affirming the Commissioner's denial of disability insurance benefits.

**AFFIRMED.**

3