[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15759
Non-Argument Calendar

_____

D.C. Docket No. 06-00859-CV-W-N

CASSANDRA L. MILNER,
a.k.a. Cassandra L. Dean,

Plaintiff–Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

Defendant,

MICHAEL J. ASTRUE,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(May 2, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Cassandra Milner appeals the district court's order affirming the Commissioner's denial of her application for supplemental security income ("SSI") benefits pursuant to 42 U.S.C. § 1383. On appeal, Milner argues that the Administrative Law Judge ("ALJ") erred by (1) finding that her mental impairment did not meet or equal Listing 12.05(C); (2) not giving substantial weight to the opinion of her treating physician, Dr. Pineda; and (3) giving substantial weight to the opinions of non-examining physicians, Dr. Rankart and Dr. McKeown.

We review a social security appeal to determine whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. See Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence is "less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Moore v. Barnhart, 405 F.3d 1208, 1210 (11th Cir. 2005). In conducting this limited review, we may not decide the facts anew, make credibility determinations, or re-weigh the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). We review de novo the Commissioner's legal conclusions. Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002).

Having reviewed the record and considered the briefs of the parties, we find no reversible error in applying these standards. First, substantial evidence supports the ALJ's finding that Milner did not meet Listing 12.05(C) because Milner's IQ score of 67 was inconsistent with her daily activities and behavior, and her severe mental impairment of schizophrenia was controlled by medication and did not significantly interfere with her ability to maintain daily living activities, function socially, or maintain concentration. Second, we find no error in the ALJ's decision to accord little weight to the opinion of Dr. Pineda because there was no evidence that Dr. Pineda treated Milner more than once, his opinion was conclusory, and his opinion was inconsistent with Milner's treatment record and other medical opinions. Because the ALJ stated specific reasons discrediting the treating physician's opinion, and his reasons are supported by substantial evidence, there is no reversible error.

Finally, the ALJ did not err by giving substantial weight to the opinions of the non-examining physicians. The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they "are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(f)(2)(i). The ALJ may rely on opinions of non-examining sources when they do not conflict with those of

3

examining sources. <u>Edwards v. Sullivan</u>, 937 F.2d 580, 584–85 (11th Cir. 1991). In this case, because those opinions did not conflict with the opinions of examining sources, the ALJ did not err in giving these opinions significant weight.

**AFFIRMED**.