[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13100
Non-Argument Calendar

_____

D. C. Docket No. 03-00575-CV-T-MSS

RAY A. DETERS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 8, 2008)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Ray A. Deters appeals the district court's judgment affirming the

Commissioner's denial of supplement security income and disability insurance benefits, 42 U.S.C. §§ 405(g), 1383(c)(3). He argues that the Administrative Law Judge ("ALJ") erred in (1) finding that his admitted alcohol use was a contributing factor material to the disability determination, and (2) posing a hypothetical question to the vocational expert ("VE") that did not account for his memory and concentration limitations.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm. of Social Security, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion . . . . Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." Id. at 1158-59 (quotation and citation omitted). In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). With respect to the Commissioner's legal conclusions, however, our review is de novo. Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002). With these principles in hand, we address in order the two arguments Deters has presented.

2

I.

An applicant for social security benefits shall not be considered disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The key factor the Commissioner focuses on in deciding whether an applicant's alcoholism is a contributing factor material to the determination of disability "is whether [the Commissioner] would still find [the applicant] disabled if [he] stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1). That is, the Commissioner evaluates which of the applicant's physical and mental limitations would remain if the applicant stopped using drugs or alcohol and then decides whether any of those remaining limitations would be disabling. Id. § 404.1535(b)(2). "[I]n disability determinations for which the medical record indicates alcohol or drug abuse, the claimant bears the burden of proving that the substance abuse is not a contributing factor material to the disability determination . . ." Doughty v. Apfel, 245 F.3d 1274, 1281 (11th Cir. 2001).

Having reviewed the record, we conclude that substantial evidence supports the ALJ's finding that Deters's alcohol use was a contributing factor material to his pre-1999 disability, for Deters's performance on memory tests improved after he quit drinking in 1999.

3

II.

"[O]nce a claimant proves that [he] can no longer perform [his] past relevant work, the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999) (quotation omitted). To find that a claimant is able to perform alternate work, "[t]he ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).

When a claimant has non-exertional impairments that significantly limit his basic work skills, the "preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." Jones, 190 F.3d at 1229. "[F[or a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Id. However, "[t[he ALJ [is] not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." Crawford v. Comm. of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

When the ALJ reviews a claimant's medical picture, "the testimony of a treating physician must be given substantial or considerable weight unless "good

4

cause" is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause may exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding." Id.

In this case, although the evidence showed that Deters had memory and concentration problems, the ALJ accounted for those limitations when he posed a hypothetical question to the VE describing an individual who "could perform only simple, repetitive-type tasks." This description is supported by the objective medical evidence; thus, the VE's response to the hypothetical question constitutes substantial evidence.

Substantial evidence supports the ALJ's findings at issue. The judgment of the district court affirming the Commissioner's decision is accordingly AFFIRMED.