[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15053
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-02499-CV-AJB-1

BILLY DAVISON,

                                                            Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 1, 2010)

Before BIRCH, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Billy Davison appeals the magistrate's final order affirming the administrative law judge's (ALJ's) denial of his application for supplemental security income (SSI). On appeal, Davison argues that the ALJ erred by (1) finding that he had a residual functional capacity (RFC) for a full range of medium work; and (2) failing to re-contact his examining physician before relying on her allegedly inadequate and incomplete report. After reviewing the briefs and the relevant law and cases, we affirm the judgment of the lower court.

Davison was at the time of the ALJ's decision a 58-year-old man with degenerative disc disease who claimed he was disabled due to pain and other symptoms in his back and legs. Davison testified he had been working for pay by running errands and driving others to doctor's appointments and grocery stores, but had not otherwise been recently employed. Davison applied for SSI in 2004. The ALJ denied his application in 2007, and the Appeals Council denied Davison's request for review in April 2008. He filed suit in federal district court in June 2008 and the magistrate judge denied his appeal in an order dated Aug. 5, 2009. This timely appeal followed.

I.

We review the decision of the ALJ as the Social Security Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review

2

of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We deem the Commissioner's factual findings conclusive if supported by substantial evidence. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted). We are precluded from deciding the facts anew or re-weighing the evidence. *Id.* "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation omitted).

## II.

The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1545(a). An ALJ makes an RFC determination by considering the claimant's ability to sit, stand, walk, lift, carry, push, pull, stoop, crouch, and reach. 20 C.F.R. § 404.1545(b). "Along with [a claimant's] age, education and work experience, the claimant's residual functional capacity is considered in determining whether the claimant can work." *Lewis*, 125 F.3d at 1440; 20 C.F.R. § 404.1520(f). To

3

determine the physical exertion requirements of jobs in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567. Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.* § 404.1567(c). Heavy work is defined as "lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." *Id.* § 404.1567(d).

In evaluating medical opinions, the ALJ considers many factors including the examining relationship, the treatment relationship, whether an opinion is amply supported, whether an opinion is consistent with the record, and a doctor's specialization. *Id.* § 404.1527(d). Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless "good cause" is shown. *Id.* § 404.1527(d)(1), -(2), -(5); *Lewis*, 125 F.3d at 1440. "Good cause" exists to discredit a physician's testimony when it is contrary to or unsupported by the evidence of record, or it is inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004). Accordingly, the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). When an ALJ articulates specific reasons for failing to

4

accord controlling weight to the opinion of a treating or examining physician and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Generally, the more consistent a physician's opinion is with the record as a whole, the more weight an ALJ will place on that opinion. 20 C.F.R. § 404.1527(d)(4). Thus, the opinion of a non-examining physician is entitled to little weight when it contradicts the opinion of an examining physician. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Where, however, a non-examining physician's assessment does not contradict the examining physician's report, the ALJ does not err in relying on the non-examining physician's report. *See Edwards v. Sullivan*, 937 F.2d 580, 584–85 (11th Cir. 1991).

Here, substantial evidence supports the ALJ's finding that Davison could engage in the full range of medium work. First, the ALJ did not err by rejecting the examining physician's opinion that Davison had a bending limitation because the physician's physical examination of Davison did not support that conclusion, and the ALJ stated as much in a written finding. The examining physician's report indicated that Davison had a full range of motion in his neck, back, straight leg raising, shoulder, elbow and forearm, wrist, hip, knees, ankle and foot, and hands and fingers. Additionally, on the day of the examination, Davison had no

5

problems standing, walking, bending, squatting, or sitting. During the examination, Davison was able to bend and squat at 100% and raise both arms over his head and touch his toes without any problems. Second, even though the ALJ presumed that the examining physician had prohibited Davison from engaging in the legal definition of "heavy lifting," that presumption did not invalidate the ALJ's finding that Davison could engage in medium lifting. Finally, the ALJ did not err by relying on the non-examining physician's report to determine that Davison could engage in a full range of medium work because the non-examining physician's physical assessment was generally consistent with the examining physician's physical assessment of Davison. Thus, substantial evidence supports the ALJ's finding that Davison could engage in a full range of medium work.

## III.

Pursuant to 20 C.F.R. § 416.919p, the Commissioner will review the report of a consultative examination to determine whether specific information has been furnished. 20 C.F.R. § 416.919p(a). If the report is "inadequate or incomplete," the Commissioner will contact the medical source who performed the consultative examination, give an explanation of the agency's evidentiary needs, and ask the medical source to furnish the missing information or prepare a revised report. *Id.* § 416.919p(b). A complete consultative examination report includes the

6

following: (1) the claimant's major or chief complaints; (2) a detailed description of the claimant's history of the major complaints; (3) a description of pertinent positive and negative detailed findings based on the history, examination, and lab tests related to the major complaints and any other abnormalities or lack thereof found during the exam or lab tests; (4) the results of the lab tests; (5) the diagnosis and prognosis for the claimant's impairment; (6) a statement about what the claimant can still do despite the impairments; and (7) an explanation or comment by the medical source on the claimant's major complaints. *Id.* § 416.919n(c)(1)–(7). If a consultative examination report does not include a statement about what the claimant can still do despite the impairments, "the absence of such a statement . . . will not make the report incomplete." *Id.* § 416.919n(c)(6).

Although Davison alleges that the examining physician's report was incomplete because she failed to explain her prohibition against "heavy lifting," the absence of such a statement does not render the report incomplete. The Commissioner noted that the report satisfied all the requirements of the law, and the absence of a statement about what the claimant can still do did not render it incomplete. Therefore, the ALJ was not required to re-contact the examining physician to furnish the missing information. Accordingly, we affirm.

7

**AFFIRMED.**