[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12415
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-03732-RDP

WAYNE RECLA,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 10, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Wayne Recla appeals the district court's order affirming the Social Security Commissioner's denial of review of Recla's disability insurance application and denying his motion for remand.

After an administrative law judge (ALJ) denied his application for disability insurance benefits, Recla requested review of the decision by the Appeals Council and submitted additional evidence.  That new evidence included a psychological evaluation by Dr. David Wilson, made three months after the ALJ's decision, diagnosing Recla with major depression.  The Council determined that Dr. Wilson's evaluation was not chronologically relevant to the ALJ's decision.  It then considered the additional evidence that was chronologically relevant and found that it did not provide a basis for changing the ALJ's decision.  The Council thus denied review.  Recla now contends that (1) the Council did not adequately articulate its rationale for denying review and (2) a remand is necessary so that the ALJ can consider Dr. Wilson's evaluation.

We review de novo the Commissioner's legal conclusions.  Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002).  We also review de novo the district court's determination of whether a remand is necessary based on new evidence.  Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001).

First, Recla contends that the Council did not provide a sufficiently detailed basis for denying review.  When a claimant properly presents new evidence to the

2

Council, the Council must adequately evaluate the evidence rather than "perfunctorily adher[ing]" to the ALJ's decision. Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980).[1]  Even so, the Council is "not required to provide a detailed rationale for denying review." Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014).  Here, the Council considered Recla's arguments and new evidence.  It then (1) stated that it had considered the additional evidence, (2) made the evidence predating the ALJ's decision part of the administrative record, and (3) stated that it had determined that the new information did not provide a basis for changing the ALJ's decision.  That was as much detail as it was required to provide.  See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1259, 1262 (11th Cir. 2007).

Second, Recla argues that the district court should have remanded the case for consideration of Dr. Wilson's evaluation.[2]  But Recla fails to show that the evaluation was chronologically relevant to the ALJ's decision of January 11, 2011. Generally, a claimant is allowed to present new evidence at each stage of the administrative review process "[s]ubject to the limitations in [20 CFR §§] 404.970(b) and 404.976(b)." 20 C.F.R. §§ 404.900(b), 416.1470(b); Ingram,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] Recla mentions only Dr. Wilson's evaluation.  He has thus abandoned any remand argument with respect to any other evidence. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

496 F.3d at 1261.  The Council must consider "new and material evidence" that "relates to the period on or before the date of the [ALJ's] hearing decision."  20 C.F.R. § 404.970(b); see Ingram, 496 F.3d at 1261 (noting that evidence must be "chronologically relevant" to the time period considered by the ALJ to be considered by the Council).  The Council was thus required to consider only new evidence that "relate[d] to the period on or before" January 11, 2011, the date of the ALJ's decision.  See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Dr. Wilson evaluated Recla on April 6, 2011 — nearly three months after the ALJ's decision.  According to Dr. Wilson's report Recla said he suffered from depression as early as 1997, but Recla conceded the depression was being treated effectively.  Even assuming that the ALJ determined Dr. Wilson's report showed disabling depression in April 2011, the report would provide the ALJ with no evidence of when Recla's depression worsened from the admittedly non-disabling depression he suffered earlier.  Nor is the report's classification of the depression as "[r]ecurrent" enough, without more, to show the evaluation's chronological relevance to the time period before January 11, 2011.  See Ingram, 496 F.3d at 1261.  The district court correctly determined that no remand was necessary.

**AFFIRMED.**