[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11998
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00146-C

BETTY BOULER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 7, 2015)

Before TJOFLAT, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Betty Bouler appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny her application for supplemental security income ("SSI"), pursuant to 42 U.S.C. § 1383(c)(3), claiming that substantial evidence does not support the Administrative Law Judge's ("ALJ") determination that she did not have the deficits in adaptive functioning necessary to meet or exceed the diagnostic criteria for Listing 12.05 in the Listing of Impairments, located in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's legal conclusions *de novo* and consider whether the Commissioner's factual findings are supported by substantial evidence. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Eligibility for SSI requires that the claimant is under a disability. 42 U.S.C. § 1382(a)(1)-(2). In relevant part, a claimant is under a disability if she is unable to engage in substantial gainful activity by reason of a medically determinable

2

impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  *Id.* § 1382c(a)(3)(A).

In order to determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential evaluation.  20 C.F.R. § 416.920(a).  Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity.  *Id.* § 416.920(a)(4)(i).  At the second step, the claimant must show that she has a severe impairment or combination of impairments.  *Id.* § 416.920(a)(4)(ii).

At step three, the claimant has the opportunity to show that she has an impairment that meets or equals the criteria contained in one of the Listings.  *Id.* § 416.920(a)(4)(iii).  If the claimant demonstrates that her condition meets or equals the criteria for a Listing, she is conclusively presumed to be disabled. *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

As indicated above, this case involves Listing 12.05, the listing for mental retardation.  "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before age 22.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.  In this case, there is no dispute that Bouler's full scale IQ score of 61 constitutes a valid IQ score between 60 and 70.  This creates a rebuttable presumption that she manifested

deficits in adaptive functioning at age 22, a presumption the Commissioner may rebut by presenting evidence relating to her daily life. *See Hodges v. Barnhart*, 276 F.3d 1265, 12169 (11th Cor. 2001).

We conclude that substantial evidence supports the ALJ's determination that Bouler did not manifest deficits in adaptive functioning and thus did not meet the diagnostic criteria for Listing 12.05. While her IQ score of 61 gave rise to a presumption that her adaptive deficits arose before age 22, the ALJ implicitly determined that the Commissioner rebutted this presumption. Two examination reports supported the ALJ's finding that Bouler was able to care for her personal needs, drive, and shop.[1] Furthermore, one examining doctor wrote that Bouler visited her boyfriend, played games, and engaged in simple but logical conversation during the evaluation, which supported the ALJ's finding that she could communicate effectively. Finally, Bouler mainly received B's and C's in her high school classes, which supports the ALJ's implicit determination that Bouler did not have a deficit in her functional academic skills.

Because substantial evidence supports the ALJ's finding that Bouler did not have the deficits in adaptive functioning necessary to meet the diagnostic criteria for Listing 12.05, the judgment of the District Court affirming the Commissioner's decision is

---

[1] At the time of her appearance before the ALJ, Bouler, was 45 years old and was living with her three children, one a minor. Her husband was deceased.

4

AFFIRMED.

5