[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13473
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00259-WTH-CAS

MONIQUE NICOLE DAMES,

Plaintiff-Appellant,

versus

COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 3, 2018)

Before WILSON, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Monique Dames appeals the district court's order affirming the decision of an administrative law judge to terminate her supplemental security income benefits, pursuant to 42 U.S.C. § 423(f).  In 2006, the Social Security Administration found Dames to be disabled because she met the criteria for an affective or mood disorder under Listing 12.04(C).  In this case, the ALJ determined Dames had medically improved and was no longer disabled as of January 2011.  Dames argues the ALJ erred in finding her no longer disabled because she presently meets the amended version of Listing 12.05(B), which addresses intellectual disability.  After careful review, we affirm.

I.

"When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).  The ALJ's legal conclusions are reviewed de novo.  Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam).  The ALJ's factual findings will not be disturbed so long as they are "supported by substantial evidence."  Lewis v. Callahan, 125 F.3d 1436, 1439–40 (11th Cir. 1997).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id. at 1440.

2

II.

An ALJ may terminate a claimant's benefits upon finding there has been medical improvement in the claimant's impairments related to the claimant's ability to work and the claimant "is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). Medical improvement is defined as "any decrease in the medical severity of impairment(s) present at the time of the most recent favorable medical decision that you were disabled." 20 C.F.R. § 404.1594(c)(1). This determination must be based on medical evidence showing an improvement in the symptoms, signs, or laboratory findings associated with the impairments.[1] Id.

In this appeal, Dames argues there is no substantial evidence of medical improvement in her conditions. However, Dames does not challenge the conclusion that she experienced medical improvement sufficient to no longer qualify as disabled under Listing 12.04(C). Instead, as a result of IQ tests

---

[1] The ALJ conducts a multi-step evaluation to determine whether disability benefits should be terminated. See 20 C.F.R. § 404.1594(f). Dames's challenge is to the ALJ's finding on the second step, which addresses whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of 20 C.F.R. § 404 subpart P. See 20 C.F.R. § 404.1594(f)(2). To meet the criteria for a condition in the Listing of Impairments, a claimant must be diagnosed with a condition included in the Listings, and she must provide medical reports documenting the specific criteria of the condition, including the duration of the condition. Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam). For a condition to equal a listing, "the medical findings must be at least equal in severity and duration to the listed findings." Id. (quotation omitted). When the claimant has multiple impairments and, standing alone, none meet the criteria for a listed impairment, the Commissioner will review all of a claimant's impairments to determine whether together they medically equal a listed impairment. Id.

performed in 2006, she argues she qualifies under Listing 12.05(B), as amended in 2017, and that there has been no medical improvement related to that Listing.

Under the version of Listing 12.05 in effect at the time of the ALJ's decision to terminate Dames's benefits, "a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997). A claimant must also meet one of the four sets of criteria found in 12.05(A), (B), (C), and (D) to show her impairments are severe enough to meet or equal Listing 12.05. See 20 C.F.R. pt. 404, subpt. P, app. 1, 12.05 (effective May 18, 2015).

Amended Listing 12.05 simplified the four sets of criteria into two alternate criteria in subsections 12.05(A) and (B). 20 C.F.R. pt. 404, subpt. P, app. 1, 12.05. As relevant here, the amendment simplified the IQ score requirement to a full-scale score of 70 or less or a full-scale score of 71–75 accompanied by a verbal or performance IQ score of 70 or below. Id. at 12.05(B). Dames argues she meets the intellectual disability requirements of the amended version of Listing 12.05(B) based on IQ tests performed in 2006 that found she had a full-scale score of 62, a verbal score of 70, and a performance score of 57.

This Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence and correctly applied the law. Barnhart, 285

F.3d at 1330.  That of course requires us to decide whether remand is required because of a change in the law after the ALJ's decision.  In this case, Dames argues under a post-decision amendment to Listing 12.05, so we must decide whether the amended version applies on review in federal court.  When Listing 12.05 was amended, the Social Security Administration stated the amended rules "will apply . . . to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date."  Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66,137, 66,138 (Sept. 26, 2016).  The regulation explained in more detail how this would work for claims before the Administration and for claims before the courts.  For claims before the Administration, the amended rules would apply "after their effective date, in any case in which [the Commissioner] make[s] a determination or decision."  Id. at 66,138 n.1.  As for claims before courts, the Administration "expect[ed] that Federal courts will review [its] final decisions using the rules that were in effect at the time [the Commissioner] issued the decisions." [2]  Id.   Given the regulation's own terms of applicability, we decline to remand for evaluation of Dames's disability under the amended Listing 12.05.

―――――――――――――

[2] Upon receiving a case on remand, the Commissioner would apply the amended rules in its decisions.  Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. at 66,138 n.1.

The pleadings are not clear about whether Dames challenges any other aspect of the ALJ's and the district court's decisions.  Assuming she challenges the ALJ's finding that her medical improvement meant she no longer met or medically equaled any listed impairment, this decision was supported by substantial evidence.  The record contained evidence showing Dames was only mildly restricted in her daily life; had only moderate difficulties in social functioning; and had only moderate difficulties with regard to concentration, persistence, or pace.

**AFFIRMED.**