[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11394
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00613-JBT

FRANKLIN CARSON,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2011)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Franklin Carson appeals the district court's order affirming the Commissioner's denial of his application for disability insurance benefits. On appeal, Mr. Carson argues first that the Administrative Law Judge ("ALJ") erred by failing to address Mr. Carson's possible walking and standing limitations in determining that he was able to perform "light work." Secondly, Mr. Carson argues that the ALJ erred by failing to credit his subjective complaints of pain. After reviewing the district court order and the parties' briefs, this court affirms.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the [ALJ]'s findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (citation omitted). In conducting this review, we may not reweigh the evidence or substitute our judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005). With respect to the ALJ's legal conclusions, however, our review is *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The ALJ did fully consider Mr. Carson's limitations with regard to walking and standing. After an extensive review of the medical and non-medical evidence, the ALJ found that Mr. Carson had the residual functional capacity ("RFC") to perform a limited range of light work. In order to make this determination the ALJ followed the requirements of Social Security Ruling 96-8p: "the RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work . . . ." SSR 96-8p, 61 Fed. Reg. 34,474 (July 2, 1996). Following this rubric, the ALJ fully discussed and evaluated the medical evidence, Mr. Carson's testimony, and the effect each impairment has on his daily activities.

While, the ALJ did not specifically refer to Mr. Carson's ability to walk or stand, the ALJ did limit Mr. Carson's exertional level of work to "light work." "Light work" by definition limits the amount an individual can walk or stand for approximately six hours in an eight-hour work day. *See* SSR 83-10, 1983 WL 31251 (S.S.A.). Furthermore, the ALJ's thorough evaluation of Mr. Carson's case led the ALJ to adopt additional limitations to Mr. Carson's ability to perform light work. Simply because the ALJ chose not to adopt further limitations on Mr.

Carson's ability to walk or stand, does not mean the ALJ did not properly consider the alleged limitations. Furthermore, there is substantial evidence that Mr. Carson is not fully disabled in regards to walking or standing because none of the doctors that evaluated Mr. Carson noted any concerns with his ability to stand or walk, other than what Mr. Carson complained of to them. On the contrary, Mr. Carson's treating physician, Dr. Lord, only put limitations on Mr. Carson's ability to use his left shoulder. Tr. at 13 Furthermore, Dr. Tran, who examined Mr. Carson for the Commissioner, noted that Mr. Carson's gait was normal and that he was able to enter and exit the examining table without difficult. *Id*. at 291. As such, the ALJ could properly decide that Mr. Carson could walk or stand for approximately six hours in an eight-hour work day.

## II.

When a claimant attempts to establish disability through his own testimony concerning pain or other subjective symptoms, we apply a two-part "pain standard." *Wilson v. Barnhart*, 284 F. 3d 1219, 1225 (11th Cir. 2002). The test requires the claimant to show (1) evidence of an underlying medical condition, and (2) either (a) objective medical evidence that confirms the severity of the alleged pain or other symptoms arising from that condition, or (b) that the objectively determined medical condition is of such a severity that it can be

4

reasonably expected to give rise to the alleged pain or other symptoms. *Id.* When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

Here, the ALJ had substantial evidence to conclude that while Mr. Carson does have an underlying medical condition, there was no objective evidence confirming the severity of pain that Mr. Carson claimed. Mr. Carson is no longer taking prescription pain medicine, he followed a conservative treatment plan directed by his treating physicians, and none of his treating physicians agreed with Mr. Carson's assessment of the intensity of pain. Thus, the ALJ could properly conclude that Mr. Carson's pain was not as severe as he claimed.

The ALJ correctly determined that Mr. Carson had the RFC to perform light work with respect to his ability to stand or walk, because the ALJ found that Mr. Carson was not disabled after enumerating and evaluating all of the impairments and symptoms alleged, discussing the medical evidence and Mr. Carson's testimony, and explaining his reasoning based on the record and the law. Furthermore, based on the evidence in the record, the ALJ properly determined

that the objective medical evidence, Mr. Carson's conservative course of treatment and Mr. Carson's choice to not use prescription pain medication indicated that his complaints of pain were not credible.  Accordingly, this Court affirms.

**AFFIRMED**