[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12179
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00174-WLS


CARRIE B. LEE,

Plaintiff-Appellant,


versus


COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,                                              Defendant-Appellee.
_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 8, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Carrie Lee appeals from the district court's judgment affirming the

Administrative Law Judge's ("ALJ") denial of disability insurance benefits and

supplemental social security income benefits.  42 U.S.C. §§ 405(g), 1383(c)(3).

She first argues that the ALJ's hypothetical question to the vocational expert

("VE") did not adequately account for her moderate limitations in concentration,

persistence, and pace.  Second, she argues that the ALJ erred in not relying on

Work Status Reports from treating physician, Dr. Carstens, which restricted Lee to

sedentary work with additional limitations.  Finally, Lee argues that the ALJ erred

by not giving sufficient weight to the opinions of her psychiatrists and

psychologists.

In Social Security appeals, we review the decision of an ALJ as the

Commissioner's final decision when the ALJ denies benefits and the Appeals

Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274,

1278 (11th Cir. 2001).  We review the Commissioner's legal conclusions de novo

and consider whether the Commissioner's factual findings are supported by

substantial evidence.  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per

curiam).  "Substantial evidence is more than a scintilla and is such relevant

evidence as a reasonable person would accept as adequate to support a

conclusion."  *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)

(internal quotation marks omitted).  "We may not decide the facts anew, reweigh

the evidence, or substitute our judgment for that of the Commissioner."  *Id*.

(internal quotation marks omitted).

## A.  ALJ's Hypothetical to the VE

Eligibility for disability insurance benefits and supplemental security income requires that the claimant is under a disability.  42 U.S.C. § 423(a)(1)(E); 42 U.S.C. § 1382(a)(1)–(2).  In order to determine whether a claimant is disabled, the Social Security Regulations analyze the claim using a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.  The claimant bears the burden of proving that she is unable to perform his past relevant work, and if she meets that burden, the Commissioner bears the burden of establishing that there is other work available at the fifth step.  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

The Commissioner may show "that the claimant can perform other jobs . . . through the testimony of a VE."  *Id.* at 1229.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

3

In *Winschel*, we reversed the ALJ's decision because the hypothetical question posed to the VE "failed to include or otherwise implicitly account for all of Winschel's impairments." 631 F.3d at 1181. We concluded that the ALJ should have explicitly included Winschel's limitation in maintaining concentration, persistence, and pace in his hypothetical question to the VE. *Id.* We noted that "[o]ther circuits have also rejected the argument that an ALJ generally accounts for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 1180. However:

> when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. Additionally, other circuits have held that hypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.

*Id.* (internal citations omitted).

The ALJ adequately accounted for all of Lee's impairments in the hypothetical posed to the VE because he implicitly accounted for Lee's limitations in concentration, persistence, and pace when he imposed a limitation of simple work. *See Winschel*, 631 F.3d at 1180–81. Accordingly, we affirm with respect to this issue.

**B.  Opinion of Treating Physician Dr. Carstens**

4

The ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Id.* "[G]ood cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004) (internal quotation marks omitted).

The ALJ did not err in choosing not to rely on Carstens's Work Status Reports, which limited Lee to sedentary work with additional limitations. Neither Carstens nor any other physician issued such work restrictions after March of 2009, and furthermore, substantial evidence supported the RFC employed by the ALJ. Drs. Wallace and Schiff reviewed Dr. Carstens's records in connection with their RFC assessments and concluded that Lee was capable of performing medium work with limitations to her ability to handle and finger. Accordingly, we affirm with respect to this issue.

C. **Opinions of Lee's psychiatrists and psychologists**

Although opinions from medical sources as to whether a claimant is disabled or whether a claimant meets a listing requirement are considered, these decisions

are ultimately reserved to the Commissioner.   20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987) (indicating that the ALJ may discount a treating physician's opinion regarding inability to work if that opinion is unsupported by medical evidence or is merely conclusory).

The claimant has the burden of proving that an impairment meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). Meeting the relevant listing  under 12.04 would require at least two of the following: (1) marked restriction of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration.  20 C.F.R. § 404 app. 1.

The ALJ did not err in giving less weight to the opinions of Lee's psychiatrists and psychologists because the evidence did not support their conclusions that Lee had such significant limitations.  Moreover, because the doctors' conclusion that Lee was disabled from work was a legal determination, the ALJ properly decided that Lee was not disabled after discrediting the doctors' conclusion.  Accordingly, we affirm with respect to this issue.

**AFFIRMED.**