[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11712
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00041-MW-GRJ

JOANN MARIA PRESTON,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 7, 2018)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Joann Preston appeals the district court's order affirming the Commissioner

of the Social Security Administration's decision to deny her supplemental security

income.  On appeal, Preston argues that substantial evidence does not support the administrative law judge's residual functional capacity ("RFC") determination. We conclude that substantial evidence supports the ALJ's decision and therefore affirm.

## I

We review the ALJ's legal conclusions *de novo* and consider whether his factual findings are supported by substantial evidence.  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). We may not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[] the evidence."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). So long as substantial evidence supports the ALJ's decision, we must affirm even if the evidence preponderates against it.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).  Accordingly, it is insufficient for a claimant to merely point to evidence undermining the ALJ's RFC determination.  *See Moore*, 405 F.3d at 1213.

## II

In order to be eligible for SSI, a claimant bears the burden of proving that she is "under a disability."  42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)–(2);

*Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  A claimant is disabled if, in relevant part, she is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In determining whether a claimant has proved that she is disabled, the ALJ must complete a five-step, sequential evaluation process.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  The ALJ must determine whether (1) "the claimant is currently engaged in substantial gainful activity," (2) "the claimant has a severe impairment or combination of impairments," (3) "the impairment meets or equals the severity of the specified impairments in the Listing of Impairments," (4) the claimant can perform his or her past relevant work despite the impairment based on a RFC assessment; and (5) "there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."  *Winschel*, 631 F.3d at 1178.

Where an ALJ determines at step two of the evaluation process that a claimant's mental impairments cause limitations in concentration, persistence, or pace, the ALJ must include those limitations in the hypothetical questions posed to a vocational expert ("VE").  *Id.* at 1180–81.  Alternatively, the ALJ may indicate

3

that medical evidence does not suggest that the claimant's ability to work will be affected by such limitations or "otherwise implicitly account for the limitation[s] in the hypothetical." *Id.* at 1181.

This appeal concerns the ALJ's RFC determination at step four of the evaluation process.[1] The RFC is an assessment, based on all relevant evidence, of a claimant's remaining ability to work despite her impairments. *Lewis*, 125 F.3d at 1440. On this point, Preston argues that "any reasonable person would have found" her to be disabled "as a direct and proximate result of [her] combination of impairments," including depression, anxiety, and—as evidenced by testing from when she was 14 years old—intellectual and behavioral deficiencies. Preston, now 30 years old, contends that "she cannot productively be present and function in the workplace eight . . . hours a day five . . . days a week" because she "would have too much nonproductive time." In support of this assertion, she cites the VE's testimony that an employee who is off task 10% of the time would—as Preston characterizes it—"be precluded from all work."

---

[1] At step five, the ALJ—in reliance on the VE's testimony—found that Preston could work in jobs that require medium exertion levels, including "Laundry Laborer," "Cutter," "Stubber," "Folder of Laundry," and "Cleaner, Polisher." In passing, Preston alludes to the possibility that the ALJ erred at step five, but she does not develop any argument on why this is so. She has therefore abandoned this issue on appeal. *See Singh v. U.S. Att'y. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

4

Preston's arguments are unpersuasive.  "[T]he mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard." *Moore*, 405 F.3d at 1213 n.6. Here, the ALJ discussed at length how he weighed the objective medical evidence, including the extent of Preston's impairments, in making his RFC determination. Preston, the ALJ found, "can perform simple, rote[,] and repetitive job tasks" and "can respond to oral directives," but should not work in jobs with "strict production goals or quotas" or those that require extensive interaction with co-workers or the public.  Contrary to Preston's argument, the ALJ's reasoned decision supports the conclusion that Preston can adapt to the rigors of the workplace despite her impairments.

Moreover, we will not—and may not, for that matter—second-guess the ALJ's findings that Preston's "statements concerning the intensity, persistence[,] and limiting effects" of her impairments "are not entirely credible." *See Moore*, 405 F.3d at 1211.  An ALJ "must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The ALJ has done so here.  In reviewing the medical records, the ALJ noted that Preston's treating psychiatrist, Dr. Kaufman, found her thought processes to be "goal directed and logical" and her memory to be "normal."

5

Further, the ALJ relied on the opinions of two state psychological consultants who agreed that Preston can "understand and remember simple and some detailed instructions" in two-hour increments during an eight-hour day.  One consultant opined that Preston can adapt to changes and pressures in a routine work environment even though she "has severe mental impairments manifested by moderate difficulties in activities of daily living, social functioning and concentration, persistence[,] and pace."  Finally, the ALJ noted that Preston, with an IQ of 72 as of 2013, falls in the "borderline range of intelligence," an improvement from the testing done as a teenager.  The record contains substantial evidence in support of the ALJ's decision to deny benefits.

To be sure, some evidence cuts against the ALJ's decision.  For instance, Preston occasionally suffers from visual hallucinations as a result of schizoaffective disorder.  Moreover, although she is generally engaging in psychiatric appointments, her doctor reported on one occasion that her appearance was "casual and disheveled" and her mental status was "constricted, depressed[,] and dysphoric."  Finally, Preston "has no work history."[2]  Even so, that some evidence supports a disability determination does not cast doubt on the propriety of

_____

[2] As to her lack of work history, the ALJ found that "[t]he record as a whole suggests that [Preston] is unmotivated to work, which does not support a finding that she is disabled and unable to work."  Preston has not provided sufficient evidence to the contrary, and thus we will not disturb this finding.

6

the ALJ's decision.  *See Crawford*, 363 F.3d at 1158–59.  A "reasonable person

would accept" the ALJ's findings "as adequate to support" the conclusion that

Preston is not disabled.  *Lewis,* 125 F.3d at 1440.

   **AFFIRMED.**